UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

JORGE L. AGOSTO-AGOSTO,

    Plaintiff,

v.

SOL PUERTO RICO, LTD.,
CORPORATIONS A & B, JOHN DOE,
JANE DOE,

    Defendants.

Civil No. 10-1615 (JAF)

**O R D E R**

Plaintiff timely moves under Federal Rule of Civil Procedure 59(e) to alter or amend our judgment of August 24, 2011, granting summary judgment to Defendants in this case arising under the Petroleum Marketing Practices Act, 15 U.S.C. §§ 2801–2806 ("PMPA"), (Docket No. 60).[1] (Docket No. 62.) Defendants oppose. (Docket No. 63.) Plaintiff replies (Docket No. 66), and moves again for adjudgment (Docket No. 67.).

First Circuit case law "generally offer[s] three grounds for a valid Rule 59(e) motion: An 'intervening change' in the controlling law, a clear legal error, or newly-discovered evidence." Soto-Padró v. Pub. Bldgs. Auth., No. 10-2413, 2012 U.S. App. LEXIS 5144, at *21 (1st Cir. Mar. 12, 2012) (quoting Morán Vega v. Cruz Burgos, 537 F.3d 14, 18 (1st Cir. 2008)). "And [the] cases tell us that a party cannot use a Rule 59(e) motion to rehash

---

[1] A detailed factual summary and analysis may be found in our opinion of August 24, 2011, which granted summary judgment to Defendants in this case. (See Docket No. 60.)

Civil No. 10-1615 (JAF) -2-

arguments previously rejected or to raise ones that could, and should, have been made before judgment issued." Id. (internal quotation marks and citations omitted). Indeed, the First Circuit has "emphasized that Rule 59(e) 'does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment.'" Crawford v. Clarke, 578 F.3d 39, 44 (1st Cir. 2009) (quoting Aybar v. Crispin Reyes, 118 F.3d 10, 16 (1st Cir. 1997)).

We now turn to Plaintiff's arguments, which we find lacking. We reject Plaintiff's first argument—that, contrary to our decision, Defendants had valid preferential purchase rights based on the dates of the contracts and relevant Commonwealth law—because it closely tracks (right down to the dates and cited statutes) the arguments already raised in Plaintiff's opposition to summary judgment. (Docket No. 37 at 11–13.) Plaintiff has raised such arguments already and, even if he had not, we may disregard arguments made in a Rule 59(e) motion that "'could, and should, have been made before judgment issued.'" ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 55 (1st Cir. 2008) (quoting FDIC v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992)).

Plaintiff again argues that Defendants had valid preferential purchase rights, this time invoking Congressional intent behind enacting the PMPA. Once more, we find Plaintiff has already raised a variant of this argument, which we considered and rejected in our previous opinion. (Docket No. 37 at 5.) Undeterred, Plaintiff continues to cite the same cases in

Civil No. 10-1615 (JAF)                                                              -3-

support of the same strain of arguments that he made in his previous opposition to summary judgment. (Docket Nos. 37 at 3; 62 at 4, 7, 10.) In addition, Plaintiff attempts to point to the record evidence to argue that the parties did not have an arms' length transaction. We reject all such arguments since a Rule 59 motion "cannot be used as a vehicle to relitigate and/or rehash matters already litigated and decided by the Court." Rosario-Mendez v. Hewlett Packard Caribe, 660 F. Supp. 2d 229, 232 (D.P.R. 2009) (internal quotation marks and citations omitted); see also Yeomalakis v. FDIC, 562 F.3d 56, 61 (1st Cir. 2009) (quoting Harley Davidson Motor Co. v. Bank of New Eng., 897 F.2d 611, 616 (1st Cir. 1990)) (holding improper to use Rule 59 motion to "raise arguments which could, and should, have been made before judgment issued"). Finally, we reject Plaintiff's two-sentence argument that manifest injustice will result unless we grant reconsideration of our decision. Plaintiff has not established that any additional or further consequences of the decision will result in injustice, and the dismissal of a case in itself does not constitute "manifest injustice."

We agree with Defendants that Plaintiff's motion must fail, as it merely attempts to rehash old arguments and points to no change in intervening law. "Here, the plaintiff's motion for reconsideration did no more than reiterate the arguments [he] earlier had advanced;" we find neither manifest error of law nor newly-discovered evidence here and, therefore, deny the motion for reconsideration. Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006).

Civil No. 10-1615 (JAF)                                                                                                          -4-

For the foregoing reasons, we hereby **DENY** Plaintiff's motion for reconsideration (Docket Nos. 62; 67) .

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 29th day of March, 2012.

                                                            s/José Antonio Fusté
                                                            JOSE ANTONIO FUSTE
                                                            U.S. District Judge